578 P.2d 244

James Arthur CHERNIWCHAN, also known as Ben Cole, Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 12493.

Supreme Court of Idaho.

May 2, 1978.

W. Baxter Brown, Coeur d'Alene, for petitioner-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur James Berry, III, Asst. Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

This appeal is from the judgment of the district court denying, without an evidentiary hearing, appellant's application for post-conviction relief. The judgment of the district court is reversed and the case is remanded.

Petitioner-appellant James A. Cherniwchan pleaded guilty to charges of second degree kidnapping and was sentenced to twenty-five years imprisonment. Appellant then applied for post-conviction relief, alleging that he had been denied effective assistance of counsel at his sentencing hearing. When the state failed to respond to the post-conviction relief application, appellant moved for summary disposition of the application pursuant to I.C. § 19–4906(c). The district court summarily dismissed the application based on the sentencing hearing transcript, the application for post-conviction relief and the affidavits of appellant and appellant's counsel. Appellant appeals from the denial of post-conviction relief pursuant to I.C. § 19–4909 and requests a resentencing hearing.

Appellant's claim for post-conviction relief is based on the alleged denial of competence assistance of counsel at the sentencing hearing. The substance of this claim is that his newly appointed counsel was not given sufficient time to adequately prepare for the sentencing hearing. The basic issue presented by this appeal is whether the district court erred in summarily denying appellant's application.

From the transcript of the sentencing hearing it is apparent that appellant's newly appointed counsel, James F. Judd, Chief Public Defender, had only minimal time to

prepare for appellant's sentencing hearing. However, that record also shows that appellant advised the court that he then wished to proceed with the sentencing hearing, that he was fully aware of the consequences that could follow, and that appellant agreed to be represented by Mr. Judd at the hearing.

THE COURT: [Mr. Cherniwchan] I will advise you at this time, that we can proceed with sentencing at this time if you wish. As Mr. Judd has stated, I think he did represent a co-defendant, Mr. Stimatze, that was involved in the same matter. Because of scheduling problems and the absence of [prior appointed counsel] it would appear that if we do not proceed today, the earliest that your case could be handled and disposed of would be August 16, and Judge Cogswell will be presiding here. I will advise you that it is your right, whatever your choice is, to go ahead today, or you may wait until August 16.

[APPELLANT:] I'd like to get this over with, if I can.

THE COURT: Well, are you willing to go ahead and have Mr. Judd represent you in this?

[APPELLANT:] Yes, sir.

MR. JUDD: Your honor, I would ask the record to reflect that in my opinion, there is a conflict between [appellant's] position in this matter and his co-defendant, Mr. Stimatze. I would ask that it further be reflected in the record, and ask that we have a thorough waiver by [appellant] of any lack of counsel that he may have, or claim of lack of counsel that he may have as a result of that conflict, if I am to handle this sentencing today.

THE COURT: As I understand it, [Mr. Cherniwchan] the conflict that Mr. Judd is referring to is the conflict between you and the co-defendant as to who was the most culpable, or who did the most wrong, or who suggested the various offenses. Now, in effect, it is the age-old story of each of you somewhat saying, "Well, it was his idea, and I just went along with him." Now of course, none of us know. We weren't there. Do you understand the nature of this conflict?

[APPELLANT:] Yes, I do.

THE COURT: And knowing that, and knowing that Mr. Judd has been involved representing the co-defendant, are you willing that he represent you today?

[APPELLANT:] Yes, sir.

THE COURT: One other thing, you should be advised that you are of course being held in jail. Now any of the time you have been held is as a matter of law to be credited against any sentence of imprisonment that you might receive. So, in effect, you are not doing what is commonly called sometimes, dead time. Do you understand that?

[APPELLANT:] Yes, I do.

THE COURT: All right, what is your desire, to go ahead with the sentencing today, or to postpone it?

[APPELLANT:] Go ahead.

The effect of appellant's actions was to foreclose Mr. Judd from having an opportunity to do anything but make a perfunctory presentation at the sentencing hearing. The district court gave appellant the option; appellant knowingly exercised that option.

Under these circumstances the district court cannot be faulted for determining that appellant's application for post-conviction relief was meritless and dismissing the action. However, we do find error in the district court's failure to follow the provisions of I.C. § 19–4906(b).[1] The district court failed to notify appellant of its intention to dismiss the application and thus offer appellant an opportunity to reply

---

1. I.C. § 19–4906(b) provides:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed . . . ."

within 20 days.[2] This error requires that the judgment denying appellant's application for post-conviction relief be reversed. However, on remand the district court shall give appellant 20 days notice of its intention to dismiss the application pursuant to I.C. § 19–4906(b) if it finds that appellant is not entitled to relief and no purpose would be served by any further proceedings.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.

---

**2.** Idaho Code § 19–4906(a), in mandatory terms, requires that the state respond by answer or by motion to a post-conviction relief application within 30 days of the docketing of the application. When the state fails to respond the district court is operating without the benefit of such pleadings and is placed in the indefensible position of ruling on an application for post-conviction relief without any factual or legal issues first being framed. Such action by the state is manifestly unfair to and places an undue burden on the district courts. The record does not reflect why the state chose to ignore its duty under I.C. § 19–4906(a). However, in light of the record, it is clear that the court could, in this case, make an intelligent ruling on the application despite the state's failure to respond.