632 P.2d 676

STATE of Idaho, Plaintiff-Respondent,

v.

Steven Craig CHRISTENSEN, Defendant-Appellant.

No. 13213.

Supreme Court of Idaho.

Aug. 4, 1981.

488

Peter D. McDermott, McDermott & McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant Steven Christensen appeals from a summary dismissal of his application for post-conviction relief. We affirm.

■ Christensen, citing *Cherniwchan v. State*, 99 Idaho 128, 578 P.2d 244 (1978), first argues that the trial court erred in not giving him twenty day notice, pursuant to I.C. § 19–4906(b),[1] of its intent to dismiss his petition. I.C. § 19–4906(b), however, governs only those situations where the trial court on its own initiative determines to

dismiss the petition, as in *Cherniwchan*.[2] I.C. § 19–4906(c) covers those situations where either party moves for summary disposition:

"(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

There is no provision in this section for twenty day notice, as the motion itself serves as notice that summary dismissal is being sought.[3]

Unlike *Cherniwchan*, here the state moved for summary disposition, making proper service of its motion. Thus there is no requirement that the court give twenty day notice of its intent to dismiss. The petitioner had the opportunity to present any evidence he desired by affidavits to counter the state's motion, and the providing of such an opportunity is the precise reason for the twenty day notice requirement of paragraph (b). Almost six months elapsed between the filing of the state's motion for summary disposition and the court's disposition. Whatever the time requirement for responding, petitioner had ample opportunity to bolster his petition wherein he might have been able to do so.

■ I.C. § 19–4906(c) does not specify any specific length of time within which

---

1. I.C. § 19–4906(b) reads as follows:

"(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

2. The petitioner in *Cherniwchan* moved for summary disposition when the state did not reply to his petition. The trial court, however, summarily dismissed the petition. This Court reversed because of the trial court's failure to give petitioner twenty days notice of its intent to dismiss.

3. In *Balla v. State*, 98 Idaho 344, 563 P.2d 402 (1977), the state moved for dismissal of the petition, and this Court held that the twenty day notice was not required because admittedly there were no facts in issue. The Court in *Balla* did not reach the issue of whether notice is required under § 19–4906(c).

response may be made to a state's motion for summary disposition, so as to afford an opportunity to establish a material fact issue. We hold that the like twenty day period of time shall be allowed as under paragraph (b).

 Secondly, Christensen argues that the trial court erred in not entering specific findings of fact and conclusions of law. I.C. § 19–4907 provides that where dismissal follows an evidentiary hearing, the court must make findings of fact and conclusions of law. There is no similar statutory provision applicable to summary dismissal, and we decline to judicially impose one.

By granting the summary dismissal, just as by granting summary judgment in the ordinary civil case, the court has determined that there exists no material issue of fact. Findings of fact and conclusions of law are not required in the summary judgment case, I.R.C.P. 52(a), because the court in granting summary judgment has ruled that there exists no material issue of fact requiring resolution. Written findings and conclusions in such a situation would simply be superfluous. *Gmeiner v. Yacte*, 100 Idaho 1, 592 P.2d 57 (1979). The principle under I.C. § 19–4906(c) is the same; the court has determined as a matter of law that there is no issue of fact, and no purpose would be served by requiring written findings and conclusions.[4]

 Christensen also argues that the trial court erred in not conducting an evidentiary hearing with him present. I.C. § 19–4907(b) provides that the petitioner should be produced at a hearing "where there are substantial issues of fact as to evidence in which he participated." Since we have affirmed the trial court's decision that there were no material issues of fact, the trial court did not err in refusing to conduct an evidentiary hearing with Christensen present.

Finally, Christensen argues that the trial court erred in refusing to admit him to bail

pending the outcome of the postconviction proceedings. That issue has been rendered moot because of our decision to affirm. We note only that there is no statutory right to bail during the pendency of a post-conviction relief proceeding. While there is a statutory right to apply for admission to bail on appeal from a judgment of conviction, the only constitutional right to bail is as set forth in Art. I, § 6, which applies only prior to conviction. We need not, nor do we, pass upon Christensen's claim that he should have been bailable while his post-conviction proceeding was pending in district court, which was not at that time pursued in this Court. *See State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977). He does ask that we set bail during the pendency of further proceedings in district court should we reverse and so remand. We do not reverse, and we do not address that issue.

The summary disposition of the district court is affirmed.

---

**4.** In *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971), this Court noted that it would be helpful if the trial court stated its reasons for the intended dismissal when it acts under § 19–4906(b). We decline to make this a mandatory requirement under § 19–4906(c).