715 P.2d 369

**Roger E. BARUTH,**
**Petitioner-Appellant,**

v.

**Darroll GARDNER, Warden; Idaho State**
**Correctional Institution and State of**
**Idaho; Defendants-Respondents.**

**No. 15893.**

Court of Appeals of Idaho.

Feb. 20, 1986.

Petition for Review Denied
April 18, 1986.

Charles L.A. Cox, Evans, Keane, Koontz, Boyd & Ripley, Kellogg, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for defendants-respondents.

## ON DENIAL OF PETITION FOR REHEARING

This Opinion Supercedes Prior Opinion Issued December 10, 1985, Which is Withdrawn.

SWANSTROM, Judge.

Roger Eugene Baruth appeals from the summary dismissal of his petition for post-conviction relief, under I.C. § 19–4906. Baruth was convicted after a jury trial of

robbery.[1] On appeal he presents three issues: (1) whether the district court erred by not giving Baruth twenty-days notice under I.C. § 19–4906 before dismissing the petition for post-conviction relief; (2) whether the judge who dismissed his application erred in requiring Baruth to provide factual support for the allegations contained in the petition for post-conviction relief; (3) whether the pretrial identification procedure was unnecessarily suggestive so as to constitute fundamental error. In response, the state contends Baruth's appeal was untimely filed and should be dismissed. We decline to dismiss the appeal. On the merits, we affirm the order of dismissal.

## I

■ As a preliminary matter, we will address first the state's position that Baruth's appeal should be dismissed as untimely. The state supports this contention by pointing out that Idaho Appellate Rule 14 requires a notice of appeal to be filed with the clerk of the district court within forty-two days from the filing of an appealable judgment or order. The order dismissing Baruth's petition for post-conviction relief was filed November 23, 1984. Baruth filed his notice of appeal from that order on January 21, 1985, fifty-nine days later. However, prior to July 1, 1985, the statutorily prescribed time for review on a final judgment under the Uniform Post-Conviction Act was within sixty days from the entry of judgment. I.C. § 19–4909. The statute has since been amended to provide for a forty-two day period, consistent with I.A.R. 14. When Baruth filed his appeal, he was timely under the statute, but not under the appellate rule.

Our Supreme Court recently dealt with the conflict between the appellate rule and I.C. § 19–4909. Under similar circumstances the Court declined to dismiss an appeal as being untimely. *Carter v. State*, 108 Idaho 788, 702 P.2d 826 (1985). The Court found that, in the interest of justice and because of the conflict between the rule and the statute, the appeal should not be dismissed. Therefore, we decline to dismiss Baruth's appeal but will address the merits.

## II

Baruth contends that the district court erred in not providing him with twenty-days notice of the proposed dismissal pursuant to I.C. § 19–4906(b). This argument invites note of the distinctions between sections (b) and (c) of I.C. § 19–4906:

(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

■ Idaho Code § 19–4906(b) governs only those situations where the trial court on its own initiative determines to dismiss the petition. *State v. Christensen*, 102 Idaho 487, 632 P.2d 676 (1981). The purpose of the notice requirement is to ensure

---

1. The relevant facts of the robbery have been set out in an opinion of this Court affirming Baruth's conviction on direct appeal and will not be detailed here. *State v. Baruth,* 107 Idaho 651, 691 P.2d 1266 (Ct.App.1984). In sum, Baruth's and the robbery victim's account of the events on the night of the robbery were conflict-ing. Baruth testified at trial that he had gone to the victim's apartment the night of the robbery to gamble and had won a sum of money from the victim. The victim testified that he was robbed at gunpoint by a man at his home. The victim identified Baruth as the robber.

that the petitioner will have the opportunity to challenge an adverse decision before it becomes final. *Gibbs v. State*, 103 Idaho 758, 653 P.2d 813 (Ct.App.1982). Idaho Code § 19–4906(c) contains no provision for the twenty-day notice requirement because the motion itself, brought by either party, serves as notice that summary dismissal is being sought. *State v. Christensen, supra.* When the court dismisses a case upon the state's motion for dismissal, it must still provide twenty-days notice if the dismissal is based on grounds different from those presented in the motion for dismissal. *Gibbs v. State, supra.* In such a situation the motion for dismissal would provide insufficient notice of the reasons for the proposed dismissal.

■ In the present case the state filed a motion for dismissal pursuant to I.C. § 19–4906(c). It was accompanied by a brief and it listed six grounds for dismissal including three grounds based on a lack of factual allegations in the petition. Baruth responded with a "Traverse" which contained argument and citation of authority against the motion. Several months later, after counsel was appointed for Baruth, the court dismissed the petition without an evidentiary hearing. In its order of dismissal, the court discussed only three of the grounds raised by the state. In two instances the court agreed with the state, that Baruth had failed to make any specific factual allegations about pretrial publicity and its alleged effect upon witness identification. In the third instance the court conceded that Baruth may have alleged sufficient facts to raise the issue as to whether the victim's in-court identification—at the preliminary hearing—was unduly suggestive. However, the court concluded that even if error had occurred, it was harmless error. Even without the objectionable evidence, the remaining evidence so strongly identified Baruth and connected him to the robbery, the trial result would have been the same beyond a reasonable doubt. *See, e.g., State v. LePage*, 102 Idaho 387, 630 P.2d 674 (1981), *cert. denied*, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981); *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102

(Ct.App.1983). Because the court disposed of the petition on grounds set forth in the state's motion, we hold that the motion provided sufficient notice to Baruth and that no additional notice was required to be given by the court. *State v. Christensen, supra.*

### III

We next address whether the court erred by applying an incorrect test for summary disposition of Baruth's petition. Baruth specifically disputes the trial court's ruling that he failed to support his allegations that pretrial publicity and identification procedures influenced the victim to identify him.

■ Baruth correctly asserts that until the allegations in an application for post-conviction relief are in some manner controverted by the state, those allegations must be deemed to be true. *Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968). Although the state in its brief in support of the motion for dismissal contended that Baruth's allegations of tainted identification were not supported by relevant facts, the state did not directly controvert the substance of the allegations. "A motion to dismiss, unsupported by affidavits or depositions, does not controvert the facts alleged in the petition." *Smith v. State*, 94 Idaho 469, 472, 491 P.2d 733, 736 (1971). However, if the allegations would not entitle Baruth to relief even if proved, it would not be error to dismiss the application without affording an evidentiary hearing. *See Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). The issue on appeal from a dismissal of an application for post-conviction relief is whether the petition alleges facts which if true would entitle the petitioner to relief. *Smith v. State, supra.*

■ It is also the rule that a conclusory allegation, unsubstantiated by any fact, is insufficient to entitle a petitioner to an evidentiary hearing. *Smith v. State, supra; Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Idaho Code § 19–4903 states that "[a]ffidavits, records, or

other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached." Baruth made only conclusory allegations about the effect of pretrial publicity on witness identifications. Therefore, we hold that the trial court did not err in implicitly requiring Baruth to factually support his allegations.

### IV

Finally, Baruth asserts that his identification by the victim was tainted and constituted fundamental error requiring reversal and a new trial. Baruth does not contend the trial identification was tainted but rather that the pretrial identification procedures were unnecessarily suggestive.

We first note that the identification issue was raised at trial, but was not raised on direct appeal. Baruth contends fundamental error allows an issue to be raised for the first time on a petition for post-conviction relief when it could have been, but was not, raised on direct appeal. It has been held that fundamental errors may be raised for the first time on a petition for post-conviction relief even though they could have been raised on appeal. *Smith v. State, supra.* However, in a later decision, *Kraft v. State,* 100 Idaho 671, 603 P.2d 1005 (1979), our Supreme Court held that the doctrine of res judicata applies to post-conviction relief proceedings. The Court said:

> We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim *but also as to every matter which might or should have been litigated in the first suit.* (Emphasis added.) *Joyce v. Murphy Land Etc. Co.,* 35 Idaho 549, 553, 208 P. 241, 242 (1922). *Ramseyer v. Ramseyer,* 98 Idaho 554, 556, 569 P.2d 358, 360 (1977).

*Kraft v. State,* 100 Idaho at 673, 603 P.2d at 1007. Therefore, under *Kraft,* but not *Smith,* it could be argued that an issue which could have been raised on direct appeal, but was not, can not be addressed on a petition for post-conviction relief regardless of fundamental error.

■ However, we find that the statutory language creating post-conviction relief bars further adjudication on the identification issue upon facts presented in the record of the earlier litigation. Post-conviction relief proceedings are first governed by the Uniform Post-Conviction Procedure Act, I.C. § 19–4901 to –4911. *See State v. Darbin,* 109 Idaho 516, 708 P.2d 921, (Ct.App.1985) (Burnett, J., specially concurring). Idaho Code § 19–4901(a)(4) authorizes an application to be filed when "there exists evidence of material facts, *not previously presented and heard,* that requires vacation of the conviction or sentence in the interest of justice...." (Emphasis added.) Baruth's petition for post-conviction relief does not present a question in a materially different factual context.

Further, the identification issue does not constitute a material issue due to Baruth's admission that he was at the victim's apartment gambling with the victim of the crime. Once Baruth testified that he was at the victim's apartment and acquired the money through gambling, the issue became one of credibility and the jury had to determine whose version, Baruth's or the victim's, to believe. We conclude that no material issue of fact has been presented which would warrant an evidentiary hearing on Baruth's petition for post-conviction relief. As we have already noted, the district court concluded that if error had occurred it was harmless beyond a reasonable doubt. Having reviewed the trial record showing that a strong circumstantial case against Baruth was established independent of any in-court identification by the victim, we reach the same conclusion. Accordingly, we agree with the district court that summary disposition was appropriate under I.C. § 19–4906.

The order dismissing Baruth's petition for post-conviction relief is affirmed. No costs or attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.