900 P.2d 795

**Somphiane SAYKHAMCHONE,**
**Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21024.

Supreme Court of Idaho,
Boise, January 1995 Term.

July 27, 1995.

Jonné E. Kohler, Nampa, for appellant.

Alan G. Lance, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Justice.

This is an appeal from the summary dismissal of an application for post-conviction relief which alleged ineffective assistance of counsel. This appeal raises two issues: (1) whether the district erred in dismissing the application without giving the twenty-day notice required under I.C. § 19–4906(b); and (2) whether the district court correctly concluded that the application failed to raise any genuine issues of material fact.

A jury found petitioner Somphiane Saykhamchone (Saykhamchone) guilty of first degree murder for the shooting death of a fellow employee at a dairy. He was sentenced to an indeterminate life sentence, enhanced by a ten-year indeterminate sentence for the use of a firearm in the murder. Saykhamchone appealed only his sentence, alleging it was illegal. The Court of Appeals affirmed in *State v. Saykhamchone*, 112 Idaho 1128, 739 P.2d 427 (Ct.App.1987).

In May 1992, Saykhamchone filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel and listing numerous deficiencies of his trial attorney. Among other things, Saykhamchone alleged his trial counsel: (1) failed to insure that Saykhamchone had an interpreter able to assist him in understanding the proceedings; (2) failed to advise Saykhamchone about the consequences of testifying at trial; (3) failed to seek suppression of un-*Mirandized* statements Saykhamchone made to police out of fear that the armed officers would harm him; and (4) failed to challenge biased jurors. Although Saykhamchone did not file an affidavit with his petition, he filed a six-page unverified "statement" which was essentially a narrative describing the crime. The district court appointed an attorney to represent Saykhamchone in the post-conviction proceeding. Saykhamchone thereafter filed an

affidavit in support of his application for post-conviction relief.

In April 1993, the state filed its "Answer to Petition for Post–Conviction Relief," wherein the state denied Saykhamchone's allegations of ineffective assistance of counsel, and raised various affirmative defenses. The Answer's prayer for relief asked the court to "[d]ismiss the Petition for Post–Conviction Relief in the above entitled action without further hearing and pursuant to Idaho Code, §§ 19–4901, et. seq." The state filed no pleadings other than its Answer, and never filed or presented orally a motion for summary disposition of the application.

Without giving the parties prior notice, the district court issued an order dismissing Saykhamchone's application in November 1993. Therein, the court declared it had "reviewed the record in the underlying criminal action and is satisfied ... that Petitioner is not entitled to post-conviction relief on the ground of ineffective assistance of counsel." Saykhamchone filed a pro se notice of appeal, and the district court ordered his appointed counsel in the post-conviction proceeding to continue representing Saykhamchone on appeal.

## I.

### STANDARD OF REVIEW

■ An application for post-conviction relief is in the nature of a civil proceeding, entirely distinct from the underlying criminal action. *Peltier v. State,* 119 Idaho 454, 456, 808 P.2d 373, 375 (1991). The Idaho Rules of Civil Procedure apply. *State v. Goodrich,* 104 Idaho 469, 471, 660 P.2d 934, 936 (1983). If the district court decides to dismiss the application, I.C. § 19–4906(b) requires the court to notify the parties of its intention and give the petitioner an opportunity to respond; failure to do so requires reversal of a judgment denying the application for post-conviction relief. *Peltier v. State,* 119 Idaho 454, 456–57, 808 P.2d 373, 375–76 (1991); *Cherniwchan v. State,* 99 Idaho 128, 578 P.2d 244 (1978). However, under I.C. § 19–4906(c), where a party moves to dismiss the application without a hearing, the twenty-day notice is not required. *Ivey v. State,* 123

Idaho 77, 79, 844 P.2d 706, 708 (1992); *State v. Christensen,* 102 Idaho 487, 488, 632 P.2d 676, 677 (1981).

■ In determining whether a motion for summary disposition is properly granted, a court must review the facts in a light most favorable to the petitioner, and determine whether they would entitle petitioner to relief if accepted as true. *Ivey,* 123 Idaho at 80, 844 P.2d at 709; *Parrott v. State,* 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. *Ivey, supra; Kraft v. State,* 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979). The standard to be applied to a trial court's determination that no material issue of fact exists is the same type of determination as in a summary judgment proceeding. *Ivey, supra; State v. Christensen,* 102 Idaho at 489, 632 P.2d at 678.

## II.

### NOTICE OF INTENT TO DISMISS

■ Saykhamchone argues that the district court erred in dismissing his application without giving him the twenty-day notice required under I.C. § 19–4906(b). The state responds that no twenty-day notice was required because the district court dismissed the application on the state's motion under § 19–4906(c), and not on the court's own initiative. Sections 19–4906(b) & (c) provide in pertinent part:

(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements

of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The state correctly argues that no twenty-day notice is required under subsection (c) when the court grants a motion for summary disposition. *Ivey v. State,* 123 Idaho 77, 79, 844 P.2d 706, 708 (1992); *State v. Christensen,* 102 Idaho 487, 488, 632 P.2d 676, 677 (1981). The state's contention might be dispositive, of course, if the state had ever filed a motion for summary disposition. The state concedes it technically filed no such motion, but argues that in its Answer, the state specifically requested that the court "[d]ismiss the Petition for Post–Conviction Relief in the above entitled action without further hearing and pursuant to Idaho Code §§ 19–4901, et seq." Under the circumstances, we do not believe the state's general request in the Answer's prayer for relief can fairly constitute a "motion."

Within thirty days after the docketing of Saykhamchone's application, I.C. § 19–4906(a) required the state to "respond by answer *or* by motion which may be supported by affidavits." Here, the state could have filed a *motion,* such as a motion for summary disposition contemplated in § 19–4906(c). Instead, the state filed an answer, consisting of admissions and denials of the application's allegations, six affirmative defenses, and the above mentioned prayer for relief. *Cf. Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986) (state filed motion pursuant to § 19–4906(c) listing grounds for dismissal accompanied by a brief).

I.R.C.P. 7(b)(1) provides that motions, unless made during trial or hearing, [1] "shall be in writing, [2] shall state with particularity the grounds therefor including the number of the applicable civil rule, if any, under which it is filed, and [3] shall set forth the relief or order sought." Here, the better practice would have been for the state to file a separate motion under subsection (c). But at a minimum, the state's prayer for relief in the Answer was deficient for not stating its grounds *with particularity,* and for not stating that it was the state's *motion* for summary disposition under I.C. § 19–4906(c).

We have held that the reason subsection (b) requires the twenty-day notice, but not subsection (c), is because the subsection (c) motion itself serves as notice that summary dismissal is being sought. *State v. Christensen,* 102 Idaho 487, 488, 632 P.2d 676, 677 (1981). After the state files a subsection (c) motion, a petitioner is still entitled to twenty days to respond, so as to afford an opportunity to establish a material fact issue. *Id.* Where the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days notice. *Gibbs v. State,* 103 Idaho 758, 653 P.2d 813 (Ct.App.1982).

Furthermore, when the state files an answer, as it did here, the petitioner can rightly expect the matter will go to an evidentiary hearing on the issues framed by the pleadings, unless the district court provides a twenty-day notice of intent to dismiss, or the state files a motion for summary disposition. In either case, the petitioner will have an opportunity to respond. Here, Saykhamchone's application was dismissed without a twenty-day notice under subsection (b), or a proper motion for summary disposition under subsection (c). Accordingly, we vacate the order of dismissal. *Peltier v. State,* 119 Idaho 454, 456–57, 808 P.2d 373, 375–76 (1991).

## III.

### GENUINE ISSUES OF MATERIAL FACT

Because Saykhamchone was not given proper notice, we also reverse the district court's ruling that Saykhamchone's application raised no genuine issue of material fact. The district court's order of dismissal stated:

The Court has reviewed the record in the underlying criminal action and is satisfied, on the basis of the petition, the answer thereto, and the record that Petitioner is not entitled to post-conviction relief on the ground of ineffective assistance of counsel. A close review of the record fails to substantiate any of Petitioner's allegations. Moreover, Petitioner has not dem-

onstrated that any conduct or inactivity of the trial counsel contributed to the conviction.

However, if Saykhamchone had been given a twenty-day notice of the district court's "intention to dismiss the application *and its reasons for so doing*," Saykhamchone might have been able to respond in a way that would raise a genuine issue of material fact. I.C. § 19–4906(b) (emphasis added) ("In light of the reply ... the court may ... grant leave to file an amended application or, direct that the proceedings otherwise continue.") Likewise, if the state had filed a motion for summary disposition, Saykhamchone's reply might have been able to raise a genuine issue of material fact.

█ We express no opinion on whether Saykhamchone may be able to raise a genuine issue of material fact on remand. He bears a difficult burden of proof on his ineffective assistance of counsel claims:

> In order to warrant a hearing for a petition for post-conviction relief based on a claim of ineffective assistance of counsel, a claimant must first show that a material issue of fact exists as to whether counsel's performance was deficient. Second, a claimant must show that a material issue of fact exists as to whether this deficient performance prejudiced his case.

*Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992).

> To establish deficient performance, a defendant must show that 'counsel's representation fell below an objective standard of reasonableness.' *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064 [80 L.Ed.2d 674] (1984). To prove prejudice requires a showing that '[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068.

*Parrott v. State*, 117 Idaho 272, 275, 787 P.2d 258, 261 (1990) (citations to *Strickland* augmented, other citations omitted).

█ We also note that in dismissing the application, the district court may not have had an adequate record to review. In the notice of appeal Saykhamchone did not desig-nate the transcript from the original criminal trial as part of the record on appeal. Saykhamchone's counsel explained at oral argument that she did not request preparation of a transcript of the trial for review in the post-conviction proceedings because the claims of ineffective assistance dealt with matters not included in the trial record. However, to survive summary dismissal of the ineffective assistance of counsel claims, Saykhamchone must, among other things, show prejudice: that there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland, supra.* This will typically require at least some review of the evidence at trial, or the district court will be unable to rationally determine whether petitioner's counsel committed unprofessional errors which affected the outcome. For instance, Saykhamchone claims his trial counsel never attempted to suppress his un-*Mirandized* statements to law enforcement officials. However, Saykhamchone never describes in the ' application which of his statements were introduced at trial, and without the trial transcript, the district judge cannot assess prejudicial impact.

█ Moreover, the legislature has placed some of the burden of preparing a reviewable record upon the state. "If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application." I.C. § 19–4906. Courts reviewing applications for post-conviction relief should have pertinent portions of the trial record ready for review. If the petitioner fails to submit an adequate record, the state must do so.

## IV.

## CONCLUSION

The district court's November 1993 Order of Dismissal is vacated, and the case is remanded to the district court for further proceedings.

JOHNSON, J., and YOUNG, J. Pro Tem., concur.

McDEVITT, C.J., and TROUT, J., concur in the result reached.