**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44164**

| | | |
|---|---|---|
| **TODD WILLIAM CARVER,** | ) | **2017 Unpublished Opinion No. 564** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: August 31, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory Fitzmaurice, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

GRATTON, Chief Judge

Todd William Carver appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Carver was found guilty by a jury of murder in the first degree. Idaho Code §§ 18-4001, 18-4002, and 18-4003(d). The victim was the three-year-old son of Carver's live-in girlfriend. The child suffered multiple blows to his head causing bilateral subdural hematomas, and there was bruising on his neck consistent with strangulation. The district court sentenced Carver to life in prison without the possibility of parole. The Idaho Supreme Court affirmed the conviction and sentence on appeal. *State v. Carver*, 155 Idaho 489, 314 P.3d 171 (2013).

1

Carver filed a pro se petition for post-conviction relief and a motion for appointment of counsel. The district court granted Carver's motion for counsel. The State filed an answer after which Carver filed a motion to amend his petition. The district court held a hearing on Carver's motion and Carver subsequently filed an amended petition for post-conviction relief. Thereafter, the State filed a motion for summary dismissal. The district court issued a notice of intent to dismiss. Carver filed a response to that notice asking to again amend the petition based on newly discovered evidence: the affidavit of prospective juror Arnold Pineda. Thereafter, the district court held a hearing at which it authorized Carver to file a second amended petition. In his second amended petition, Carver alleged the following: (1) trial counsel was ineffective in failing to assert a peremptory challenge to juror V.L., who knew the victim's mother and a witness for the prosecution and who had discussed the case with said witness; (2) trial counsel was ineffective in failing to challenge V.L. for cause; (3) the district court erred by failing to excuse sua sponte V.L. for cause; and (4) Carver was denied his due process right to a fair trial because the jury was not impartial.

In support of his second amended petition, Carver submitted excerpts of the transcript from the voir dire of V.L., excerpts of the trial transcript, and the Pineda affidavit. In his affidavit, Pineda stated that he was summoned as a prospective juror in Carver's criminal case but was replaced because he was late in arriving at the courthouse. Pineda further averred:

> When I was waiting with other potential jurors on the second floor of the courthouse . . . I heard [V.L.] talking to another woman. As best I can remember, [V.L.] said she was surprised that they kept her on the jury because she knew the relatives of the child and had discussed the facts of the case with those persons. I think, but am not certain, she referenced the grandparents. She said she thought "he was guilty."

The State filed an amended motion for summary dismissal. Carver filed a written objection to the State's motion, which included a request for discovery. The district court held a hearing on the State's motion for summary dismissal of Carver's second amended petition. Subsequently, the district court entered an order granting the State's motion to summarily dismiss Carver's petition and denying Carver's request for discovery. Carver timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v.*

*Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do

3

not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## A.     District Court's Ruling on Impartial Jury Claim

Carver argues that the district court erred in failing to rule on Carver's claim that his due process right to a fair trial was violated. The State argues that the district court's order encompasses Carver's due process claim. The State notes that the district court granted the State's motion for summary dismissal and that motion addressed the alleged impartiality of V.L.

Carver relies upon *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 234 P.3d 699 (2010). In that case, the district court dismissed the plaintiff's claims for failure to prosecute and granted summary judgment on the defendant's counterclaims. *Id*. at 378, 234 P.3d at 702. The plaintiff moved both for reconsideration and to set aside the judgment under I.R.C.P. 60(b)(6). *Dawson*, 149 Idaho at 378-79, 234 P.3d at 702-03. The district court denied the reconsideration but did not issue a ruling on the Rule 60(b)(6) motion. *Id*. at 379, 234 P.3d at 703. The Idaho Supreme Court held that the district court "erred by failing to issue a ruling on Dawson's Rule

4

60(b)(6) motion." *Id*. at 380, 234 P.3d at 704. In the present case, the district court did not fail to rule on the State's motion for summary disposition. Rather, the district court held as follows:

> The State's Second Motion to dismiss is granted. Carver has not shown that his trial counsel's performance fell below an objective standard of reasonableness because he did not strike [V.L] as a juror. Nor has he shown that there likely was prejudice to Carver because she was on the jury.
>
> It is within the Court's discretion to strike a juror for cause. Carver has not shown that the Court abused its discretion for not striking a juror who has averred that she can be impartial, regardless of what she had heard.
>
> Further discovery will not yield admissible evidence to assist Carver in proving his post-conviction claims.

The record establishes that the district court did rule on the State's motion, granting it as to all claims after acknowledging that one of Carver's allegations was that he was denied a fair and impartial jury. That the district court did not set forth its analysis as to one of those claims was not error. "Summary disposition of a post-conviction relief application under I.C. § 19-4906(c) is the procedural equivalent of summary judgment under I.R.C.P. 56." *Roman*, 125 Idaho at 647, 873 P.2d at 901. "[F]indings of fact are not necessary to support decisions of summary judgment motions under I.R.C.P. 56, or to support a decision relating to any other motion, except with respect to motions for involuntary dismissal under I.R.C.P. 41(b)." *Bank of Idaho v. Nesseth*, 104 Idaho 842, 846, 664 P.2d 270, 274 (1983). In summarily dismissing a petition for post-conviction relief, the trial court need only find that there are no genuine issues of material fact and that judgment is appropriate as a matter of law. *Peltier v. State*, 119 Idaho 454, 457, 800 P.2d 373, 376 (1991); *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981). Carver has failed to show that the district court erred in summarily dismissing his impartial jury claim.

**B.     Pineda's Affidavit**

Carver argues that the district court erred in refusing to consider Pineda's affidavit. The district court found that the affidavit was inadmissible hearsay. On appeal, Carver argues that Pineda's affidavit was admissible under Idaho Rule of Evidence 803(1) (present sense impression) and I.R.E. 803(3) (then existing mental, emotional, or physical condition), and because the statements were not offered to show the truth of the matter asserted. Further, as to Pineda's statement that he heard V.L. say that she thought Carver was guilty, Carver claims the statement is admissible because it tends to show that the statements made during voir dire were false.

5

The trial court has broad discretion whether to admit hearsay under one of the many exceptions to the general rule that hearsay is inadmissible. We will not overturn the exercise of that discretion absent a clear showing of abuse. *Dep't of Health and Welfare v. Altman*, 122 Idaho 1004, 1007, 842 P.2d 683, 686 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Our first inquiry is whether the statements were hearsay. Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion of the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. *Isaacson v. Obendorf*, 99 Idaho 304, 309, 581 P.2d 350, 355 (1978). The district court examined the statements allegedly made by V.L. and determined that they were being offered to prove the truth of the matters asserted therein and were, therefore, hearsay. Indeed, the proffered statement that Pineda overheard V.L. say that she thought Carver was guilty is the crux of Carver's argument that he was denied his due process right to an impartial jury. Because Pineda's affidavit contains hearsay, the next inquiry is whether it is admissible under an exception to the hearsay rule.

In his opposition to the State's motion for summary dismissal, Carver argued that Pineda's affidavit was admissible under I.C. § 19-4906(c). However, Carver did not argue that the affidavit was admissible based on hearsay exceptions. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because Carver did not make the argument that the affidavit was admissible pursuant to a hearsay exception below, we will not consider it on appeal.

6

## C.      Constitutional Violation

Carver argues he presented a prima facie case that he was deprived of an impartial jury sufficient to merit an evidentiary hearing.[1]   The State argues that Carver failed to provide admissible evidence demonstrating a genuine issue of material fact in relation to any of his claims.  "The determination whether a juror can render a fair and impartial verdict is directed to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion." *State v. Hauser*, 143 Idaho 603, 609, 150 P.3d 296, 302 (Ct. App. 2006).   As noted above, when a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc.*, 119 Idaho at 94, 803 P.2d at 1000.

A criminal defendant has a constitutional right to trial by an impartial jury.  U.S. CONST. amends. V, VI, XIV; IDAHO CONST. art. I, §§ 7, 13.   The Idaho Code provides criminal defendants with the right to a jury trial, as well as the ability to strike potential jurors for cause if actual or implied bias exists.  I.C. §§ 19-1902, 19-2019.  *See also* Idaho Criminal Rule 24(b) (addressing the procedure for voir dire examination and challenges for cause).  Actual bias is defined as "the existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which, in the exercise of a sound discretion on the part of the trier, leads to the inference that he will not act with entire impartiality . . . ."  I.C. § 19-2019(2).  However, a trial court does not abuse its discretion by refusing to excuse for cause a juror whose answers during voir dire initially give rise to a challenge for cause but who later assures the court that he or she would be able to remain fair and impartial. *Nightengale v. Timmel*, 151 Idaho 347, 353, 256 P.3d 755, 761 (2011).

In support of his second amended petition, Carver offered transcript excerpts from the voir dire of V.L.  In the petition, Carver claimed that he was "deprived of his right to trial by an impartial jury" because "[t]he Due Process Clause protects a defendant from jurors who are actually incapable of rendering an impartial verdict based on the evidence and the law."  The following voir dire exchange reveals V.L.'s assurances that she could remain impartial:

---

[1]      Carver does not argue on appeal that the district court erred in dismissing any of his other claims for relief.

7

[Prosecutor]:   Now, I guess the key question is you've gotten that information, can you set that aside and judge this case just on its facts as presented in the courtroom?

[V.L.]:         You know, I've thought about that. I thought I may have trouble with that, but then after the Judge said about remember everything you hear it's secondhand or thirdhand or fourth hand information, and so I kind of realized that, yes, this is totally second and third hand information so the answer is, yes, I can put it aside.

[Prosecutor]:   You feel like you can?

[V.L.]:         Yes.

[Prosecutor]:   What I mean is that there's going to be people testifying.

[V.L.]:         Yeah.

[Prosecutor]:   There's going to be evidence, photographs introduced, other pieces of evidence, and so what I understand you saying is you can listen to all of that and watch all of that and judge the case just on the evidence?

[V.L.]:         I believe I can, yes.

[Prosecutor]:   And you can block out these things that they've --

[V.L.]:         I think so.  I think so.  I have heard all this, but I think if it's not brought up in court I'm not even going to listen to it.

[Prosecutor]:   Now, do you do anything socially with them?

[V.L.]:         No.

. . . .

[Prosecutor]:   Is it strictly just a business relationship?

[V.L.]:         Strictly business.

[Prosecutor]:   Now, is that business relationship going to make it difficult for you?

[V.L.]:         No, no, absolutely not.

[Prosecutor]:   Would you --

[V.L.]:         In fact, I have told them--they know that I was called for jury duty and--

[Prosecutor]:   Well, let me give you a hypothetical. Let's say the State does not prove its case beyond a reasonable doubt.  Would you have any trouble finding Mr. Carver guilty--I'm sorry, not guilty because the State didn't prove it beyond a reasonable doubt because of your relationship with the [potential witnesses]?

[V.L.]:         No, no.

[Prosecutor]:   You wouldn't have a problem seeing them later and you had voted not guilty because the State didn't prove its case you wouldn't have any trouble talking to them about that--

[V.L.]:         I don't think so.

[Prosecutor]:   --or facing them after that?

[V.L.]:         No.  No, I can handle that.

Defense counsel did not ask additional questions, and V.L. was ultimately empaneled on the jury.

To succeed on a claim that the district court erred by failing to *sua sponte* remove a juror for cause, where, "as here, no motion was made during jury selection to dismiss the juror in question for cause," the defendant "assumes a greater burden:  he must show that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the juror] from the jury, even though neither counsel made the request."

*Dunlap v. State*, 159 Idaho 280, 308, 360 P.3d 289, 317 (2015) (quoting *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009)).  The transcripts are insufficient to show a genuine issue of material fact on any of Carver's claims.  V.L. advised the court that she knew witnesses who would likely testify at trial and had received information from those witnesses about the case, but could be impartial despite those relationships and that knowledge.  The district court properly relied upon [V.L.'s] assurances that she could follow the court's instruction, and accordingly, the district court did not abuse its discretion.[2]  Carver did not present evidence sufficient to show that the district court should have inferred from V.L.'s voir dire testimony that her state of mind was such that she would not act with entire impartiality.  Consequently, Carver's assertion that he raised a genuine issue of material fact entitling him to an evidentiary hearing fails.

**D.    Carver's Discovery Request**

Carver argues the district court erred when it denied his request for discovery.  The district court noted in its order that Carver must identify the specific subject matter of the discovery requested and why discovery is needed, but explained its reason for denial based on an apparent assumption that Carver intended to depose V.L. to determine whether she was biased.  On appeal, Carver argues that "the requested discovery was necessary because it could show that [V.L.] was untruthful during voir dire and did in fact have a pre-existing belief that [Carver] was guilty which she could not put aside."

When questioning the validity of a verdict, I.R.E. 606(b) prohibits jurors from testifying about anything occurring during the jury's deliberations or anything influencing the jury in the deliberations.  The rule permits a juror to testify about whether:  (1) extraneous prejudicial information was improperly brought to the jury's attention; (2) any outside influence was improperly brought to bear upon any juror; and (3) the jury determined any issue by resorting to

---

[2]    Having determined that Pineda's affidavit constitutes inadmissible hearsay, we will not address Carver's argument that its contents create a genuine issue of material fact as to whether V.L. lied during voir dire.

9

chance. I.R.E. 606(b). The rule does not prohibit inquiry into juror dishonesty during voir dire. *Levinger v. Mercy Medical Center, Nampa*, 139 Idaho 192, 197, 75 P.3d 1202, 1207 (2003).

When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. I.C.R. 57(b); *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in fishing expeditions, as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750. Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927.

In Carver's response to the State's motion for summary dismissal, Carver requested "discovery within the bounds of Rule 606(b)." Carver also noted that the district court "may also authorize depositions under strict conditions as to scope and subject matter." However, this statement was not attached to any specific request by Carver to depose V.L. A request for "discovery within the bounds of Rule 606(b)" is not appropriately specific. "In order to be granted discovery, a post-conviction applicant must identify the specific subject matter where discovery is requested and why discovery as to those matters is necessary to his or her application." *State v. LePage*, 138 Idaho 803, 810, 69 P.3d 1064, 1071 (Ct. App. 2003). Assuming that Carver was requesting to depose V.L. "under strict conditions as to scope and subject matter," he failed to show why such discovery was pertinent to his application for post-conviction relief. Therefore, we conclude that the district court did not abuse its discretion by denying Carver's request for discovery.

In *Hall v. State*, 151 Idaho 42, 253 P.3d 716 (2011), the district court prohibited the applicant from contacting a juror from the underlying criminal case in discovery. The *Hall* Court evaluated a number of cases from other jurisdictions that limited counsel's contact with jurors after the case had been decided. In summarizing those cases, the Court stated:

As noted above, courts have consistently upheld orders and rules restricting attorneys from post-verdict contact with jurors absent a showing of good cause, despite the limited attorney First Amendment interests at stake. However, where there is a showing of good cause, suggesting that juror misconduct occurred, questioning the jury may lead to admissible evidence even where the jurors themselves may not testify.

*Hall*, 151 Idaho at 50, 253 P.3d at 724. The Court further stated:

The goal in limiting contact with the jury is not to unduly restrict the discovery of evidence suggesting juror misconduct, but rather to protect jurors from unwanted contact and potential harassment. A court must, therefore, balance its legitimate goal of juror protection with the court's primary duty of ensuring that justice is done and that defendants receive fair trials.

*Id.* at 50-51, 253 P.3d at 724-725. The Court reiterated that the test for determining whether a trial court should have permitted juror contact in discovery is whether the party "had shown that there was good cause to believe that juror misconduct had occurred." *Id*. at 51, 253 P.3d at 725. If good cause is shown, then juror contact is permitted on the subject of misconduct.

Here, the district court denied Carver's request for discovery stating:

Post-trial discovery of jurors is limited by Idaho Rule of Evidence 606(b). A juror can not testify as to any matter occurring during deliberations or the effect of anything upon his mind or emotions influencing him to assent or dissent from the verdict or anything about the mental process used. I.R.E. 606(b). This rule protects public policy interests in preserving a full and fair trial, protecting juror privacy and protecting the finality of verdicts.

The ultimate question here is whether [V.L.'s] alleged impartiality affected the jury verdict. I.R.E. 606(b) prevents Carver from asking her, or any other juror, if she did act with impartiality. As stated in *Hall*:

As juror statements are the only way to ascertain what took place in the deliberative process or in the minds of the jury, the effect of this rule is to make lines of inquiry pertaining to these areas inherently fruitless. Where such questioning could never lead to admissible evidence there is necessarily no showing of good cause to interview the jurors on these topics.

(Citations omitted). Discovery directed at the juror's assurances of impartiality and fairness inherently relate to the juror's mental processes in deliberation and rendering a verdict.

The district court also noted that even if V.L. testified that she told another jury pool member that she thought Carver was guilty, "the court was entitled to rely on her assurances that she could be impartial." The district court properly determined that Carver's assertions failed to rise to the level of good cause and, recognizing the policy concerns behind limiting juror contact, denied the discovery motion in exercise of its discretion.

### III.

### CONCLUSION

Carver has failed to show any error in the summary dismissal of his second amended petition for post-conviction relief. The judgment summarily dismissing Carver's second amended petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS **CONCUR**.