**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43543**

| | | |
|---|---|---|
| **DAVID BASIL MERCER,** | ) | **2016 Unpublished Opinion No. 705** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 27, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

David Basil Mercer appeals from district court's judgment summarily dismissing Mercer's petition for post-conviction relief. Mercer argues that the district court erred in summarily dismissing his petition in its entirety because the district court failed to analyze one of Mercer's post-conviction claims based on the mistaken belief that the district court had previously dismissed the claim. Mercer requests that this Court vacate the district court's judgment and remand the case for consideration of the claim. For the reasons set forth below, we affirm.

Mercer pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005(5). In exchange for his guilty plea, the State agreed not to pursue an allegation that Mercer was a persistent violator. The district court imposed a unified ten-year sentence, with a

1

minimum term of confinement of five years, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed Mercer on probation. Subsequently, Mercer admitted to violating the terms of his probation. The district court revoked Mercer's probation and ordered execution of the original sentence. Mercer filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. In an unpublished opinion, this Court affirmed. *State v. Mercer*, Docket No. 41068 (Ct. App. Feb. 25, 2014).

Mercer filed a pro se petition for post-conviction relief raising multiple claims, including that he was subject to double jeopardy because he was required to serve discretionary jail time for the same offense which resulted in his probation being revoked. The district court issued a notice of intent to dismiss the majority of Mercer's claims but ordered appointment of counsel for Mercer's double jeopardy claim. Subsequently, the district court dismissed some of Mercer's claims that were subject to the district court's notice of intent to dismiss. With the assistance of counsel, Mercer filed a supplemental affidavit which did not specifically mention double jeopardy but included an assertion that his trial counsel was ineffective for failing to move for dismissal of the probation violation allegations which were based upon the charge for which Mercer had already served discretionary jail time. The State moved for summary dismissal addressing that claim. After holding a hearing on the State's motion, the district court issued an order for summary dismissal. In its order, the district court indicated that Mercer's double jeopardy claim had previously been dismissed. The district court subsequently entered an order dismissing all of Mercer's post-conviction claims and entered a judgment of dismissal. Mercer appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).

Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

3

appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Mercer argues that the district court failed to analyze Mercer's double jeopardy claim due to the district court's erroneous belief that it had previously dismissed the claim in its initial notice of summary dismissal. Mercer asserts that, because this mistaken belief was the only basis for dismissal of his double jeopardy claim, the case must be remanded for consideration of the claim because the district court may only sua sponte dismiss a post-conviction claim for the reasons set forth in its notice and no such notice was given. In response, the State agrees that the record shows the district court mistakenly believed that it had dismissed Mercer's double jeopardy claim in a prior order. However, the State asserts that there is no need to vacate the judgment dismissing Mercer's petition because his double jeopardy claim fails as a matter of law and he had notice of this legal defect in the State's request for summary dismissal.

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claim if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to respond. Under I.C. § 19-4906(c), the district court may also dismiss a petitioner's post-conviction claims on the motion of either party. If the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v.*

4

*State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the "motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Here, Mercer notes that the State moved for summary dismissal and that, in its supporting memorandum, the State addressed Mercer's double jeopardy claim. Mercer does not allege that the State's motion was defective. Consequently, Mercer was on notice that the State was seeking summary dismissal of Mercer's double jeopardy claim. Mercer has failed to show that the district court's dismissal of Mercer's claim required any additional notice and has not shown any other basis which would justify the relief he seeks.

Moreover, even assuming Mercer's double jeopardy claim withstands the procedural challenge, his claim also fails as a matter of law. Mercer's post-conviction claim at issue on appeal is that he was subjected to double jeopardy because he was punished twice for incurring a new resisting and obstructing charge while on probation and that his attorney failed to file a motion to dismiss the probation violation on that basis. The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). However, neither revocation of probation nor service of discretionary time constitutes punishment for double jeopardy purposes under the Fifth Amendment. *See State v. Chapman*, 111 Idaho 149, 155, 721 P.2d 1248, 1254 (1986) (holding that the revocation of probation involves only the enforcement of conditions already imposed); *State v. Scraggins*, 153 Idaho 867, 872, 292 P.3d 258, 263 (2012) (holding that revocation of probation, based on violations for which the probationer has already served discretionary jail time, is not a violation of due process).

Neither the discretionary jail time served by Mercer nor the revocation of his probation constitutes punishment and, as a result, no jeopardy attached. Mercer cited no contrary authority supporting his double jeopardy claim. Thus, Mercer has failed to show that his rights have been

violated through double jeopardy or that his attorney was ineffective for failing to move for dismissal of the probation violation. Therefore, even had the district court not mistakenly believed that it had already dismissed Mercer's double jeopardy claim, dismissal was the only proper treatment under the law. Consequently, remand of this case is not necessary. *See, e.g.*, *Ridgely v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010) (holding that appellate courts employ the same standards on review that the trial court applies in considering summary dismissal of a petition for post-conviction relief if the petitioner failed to provide admissible evidence supporting his or her claims); *Caldwell v. State*, 159 Idaho 233, 241-42, 358 P.3d 794, 802-03 (Ct. App. 2015) (affirming the judgment summarily dismissing part of petition for post-conviction relief after the district court failed to address one of the claims and holding that "even if the district court had addressed this claim, dismissal would have been the only appropriate action").

Mercer has failed to show any basis for vacating the district court's judgment and remanding the case. Accordingly, the district court's judgment summarily dismissing Mercer's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.