**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40382**

| | | |
|---|---|---|
| SANDRA JONAS, | ) | 2013 Unpublished Opinion No. 697 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 3, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Robert J. Elgee, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>reversed</u> <u>and</u> <u>remanded</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Sandra Jonas pled guilty to second degree murder and was sentenced to a unified term of life in prison, with a minimum period of confinement of twenty-five years. Jonas appealed and this Court affirmed in an unpublished opinion. *Jonas v. State*, Docket No. 26014 (Ct. App. Dec. 15, 2000). Jonas filed a petition for post-conviction relief. The district court summarily dismissed the petition and this Court affirmed the dismissal in an unpublished opinion. *Jonas v. State*, Docket No. 35748 (Ct. App. Apr. 14, 2010). In 2011, Jonas filed a successive petition for post-conviction relief, which forms the basis of this appeal. The district court issued a notice of intent to dismiss and appointed counsel. Jonas subsequently filed an amended petition, to which the state filed a response.[1] Without providing further notice, the district court dismissed the amended petition, finding Jonas did not demonstrate sufficient reason why her claims were

_____

[1] While Jonas's verification signature was not notarized, the district court disregarded this and addressed the merits of Jonas's successive petition.

1

inadequately raised in her first petition. The district court also provided an alternate ground for its ruling, addressing the merits of Jonas's ineffective assistance claim. Jonas appeals.

Jonas argues the district court erred by dismissing her petition on grounds not articulated in the notice of intent to dismiss. The state argues that the district court provided sufficient notice. The district court cannot dismiss claims on its own motion if it does not give the parties a twenty-day notice stating its reasons for doing so as required by I.C. § 19-4906(b). *DeRushé v. State,* 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009). Likewise, if the state moves to dismiss a petition under I.C. § 19-4906(c), the court cannot dismiss a claim on a ground not asserted by the state in its motion unless the court gives the twenty-day notice required by I.C. § 19-4906(b). *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

In its notice of intent to dismiss addressing Jonas's original successive petition, the district court focused upon the factual insufficiencies. The district court did not discuss waiver under I.C. § 19-4908 or explain how Jonas's petition was deficient for failing to articulate sufficient reason to proceed on a successive petition. However, in the district court's order dismissing Jonas's successive petition, the district court based its ruling upon waiver under I.C. § 19-4908.

In support of its position that adequate notice was provided, the state places emphasis on the following two sentences in the district court's notice:

> In fact, [Jonas] appears to have listed an exceptionally wide array of claims, some of which she has asserted in prior petitions and motions . . . supported only by her description of the facts as she sees them.
> Thus, [Jonas] does not present adequate grounds upon which to base a successive application for post-conviction relief.

However, when these sentences are read in the context of the entire notice of intent to dismiss, it is apparent that wavier under I.C. § 19-4908 is not a ground the district court was providing notice for. Therefore, Jonas did not receive adequate notice and the district court erred in dismissing her petition on this ground.[2]

---

[2]    We do not address the merits of the district court's dismissal on the grounds of waiver under I.C. § 19-4908 and do not purport to foreclose that possibility after adequate notice is provided.

Next, the state argues that the district court's alternate ruling provides a basis for affirming because Jonas provided no evidence to support the assertions made in her amended petition. Because Jonas never received notice of the alleged deficiencies in her amended petition, we disagree.

While the district court initially provided notice of its intent to dismiss with respect to Jonas's original successive petition, Jonas thereafter filed an amended petition for post-conviction relief. This amended petition raised facts, claims, and arguments distinct from those in the original petition to which the district court's notice of intent to dismiss was directed. Under these circumstances, the district court needed to provide a new notice of intent to dismiss in order to address these new facts, claims, and arguments and to allow Jonas an opportunity to reply.[3] The district court failed to provide a new notice following the filing of the amended petition. Therefore, Jonas did not receive adequate notice under I.C. § 19-4906(b) and the district court erred in summarily dismissing the amended petition. Thus, we reverse the order summarily dismissing Jonas's successive petition and remand to the district court for proceedings consistent with this opinion. Costs, but not attorney fees, are awarded to Jonas on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**

---

[3] However, this is not to say that a new notice will always be required following the filing of an amended petition. It will necessarily depend upon the differences in facts alleged, claims set forth, and arguments made.