**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46976**

| | |
|---|---|
| JOE FRED RANSOM, | ) |
| | ) **Filed: August 11, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joe Fred Ransom appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2017, Ransom was convicted of first degree kidnapping and rape. Idaho Code §§ 18-4502, 18-6101(5). Ransom was sentenced to life with ten years determinate on each charge, to be served concurrently. Ransom appealed from the judgment of conviction and this Court affirmed. *State v. Ransom*, Docket No. 44871 (Ct. App. Sept. 26, 2017) (unpublished).

In 2018, Ransom, through counsel, timely filed a petition for post-conviction relief, arguing his trial counsel's assistance was deficient for failing to: (1) utilize a telecommunications expert and subpoena phone carrier records, (2) present exculpatory witness testimony, and (3) properly

1

state the burden of proof during closing arguments. Ransom asserted that he would not have been convicted had his counsel's assistance met an objective standard of reasonableness.

The State filed a motion for summary dismissal of Ransom's petition. The State argued Ransom did not present evidence supporting his first claim regarding expert testimony and that the record contradicted the claim. Also, the State argued that if Ransom had exculpatory witnesses, the witnesses' anticipated testimony should have been submitted. Finally, the State argued the trial transcript contradicts Ransom's claim that the burden of proof was improperly stated during closing arguments. In response, Ransom filed an affidavit identifying proposed exculpatory witnesses and Ransom's summary of the testimony the witnesses would have given if called at trial. Ransom additionally argued the phone records were significant and that counsel never advised him of the results of the expert examination of the victim's phone.

The district court granted the State's motion for summary dismissal of Ransom's petition. With regard to Ransom's first claim in his petition, the district court dismissed the claim because the record disproved the claim, and because Ransom did not provide admissible evidence to demonstrate trial counsel was deficient in regard to expert witness testimony or subpoenaing evidence. Next, the district court dismissed Ransom's claim that his counsel was ineffective for failing to present exculpatory witness testimony because Ransom did not provide affidavits from the witnesses, and his own affidavit was too speculative. Finally, the district court dismissed Ransom's third claim because the transcript of the prosecutor's closing argument directly contradicted the claim. Ransom timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure

8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Ransom argues the district court erred when it dismissed his post-conviction petition because it dismissed on grounds other than those articulated by the State in its motion for summary dismissal without giving him twenty days to respond. The State claims the district court dismissed the petition essentially on the same grounds or, at least in part, on the grounds articulated in the State's motion and, thus, Ransom was not entitled to additional notice. We agree with the State.

Where the State has filed a motion for summary dismissal, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). If the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

The Idaho Supreme Court has held that, when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. In *Kelly*, the district court considered dismissal of Kelly's petition on several grounds not raised by the State, but it also dismissed Kelly's claims on the ground that he did not provide facts sufficient to support his claims, which was the basis of the State's motion for summary dismissal.

4

On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses a petition for post-conviction relief based in part on the arguments presented by the State, the notice requirement of I.C. § 19-4906(b) is satisfied. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

Ransom asserts his petition was dismissed for reasons different from those asserted by the State in its motion for summary dismissal. The State moved to dismiss Ransom's petition on the grounds that Ransom failed to provide evidence sufficient to support his claims and/or the claims were contradicted by the underlying criminal record; similarly, the district court found that Ransom did not submit admissible evidence supporting his claims and that two of his claims were disproved by the record. Although the district court provided some additional analysis of the deficiencies of the claims, its ultimate conclusion that Ransom's claims were not supported by admissible evidence or were disproved by the record was essentially the same as the grounds for dismissal asserted by the State.

Ransom's first post-conviction claim involved trial counsel's failure to present testimony from a telecommunications expert. In dismissing this claim, the district court agreed that the phone evidence was significant but determined the record disproved the claim because of evidence in the record that an expert was consulted and there was a wealth of trial testimony and cross-examination regarding the content of the phones. The court determined that Ransom failed to present admissible evidence showing how counsel was deficient in this regard. The district court also pointed to the fact that Ransom failed to establish a prima facie claim of ineffective assistance because Ransom did not provide admissible evidence showing prejudice, i.e., how presenting expert testimony or subpoenaing phone carrier records could have changed the outcome of the trial.

The State also sought to dismiss the first claim as belied by the record through documentation that trial counsel took the victim's phone to an expert. Additionally, the State asserted that Ransom failed to provide admissible evidence of deficient performance. Also, similar to the district court, the State asserted that Ransom did not show prejudice because the claim was based only on conclusory allegations. The State explained that Ransom did not show how expert testimony would have changed the outcome of this case. Because the district court dismissed the first claim on grounds set forth in the State's motion, Ransom received adequate notice.

5

Ransom's second claim was that his counsel failed to present exculpatory witnesses due to inadequate preparation and investigation. The district court dismissed the claim because Ransom failed to submit affidavits stating what the witnesses would or could have testified to, and thus, did not provide sufficient evidence to support the claim. The district court, relying on *Adams v. State*, 161 Idaho 485, 387 P.3d 153 (Ct. App. 2016), held that a summary of what a witness might testify to is inadequate and the witness's affidavit is required in order to properly present facts in support of the claim. Therefore, the Court concluded Ransom failed to present a genuine issue of material fact regarding his exculpatory witness claim.

The State similarly argued that the claim should be dismissed on the ground that Ransom did not present any supporting facts. In addition, the State pointed out that the proposed testimony of the witnesses had not been provided by Ransom. Although the State did not cite to *Adams* in its motion to summarily dismiss Ransom's petition, it relied on the same basic reasoning as did the district court in dismissing the claim because both focus on the inadequacy of evidence provided to support the claim. Thus, Ransom was afforded adequate notice in regard to this claim.

Ransom's third and final claim involved his trial counsel's alleged failure to accurately state the burden of proof during closing arguments. Both the State's motion and the district court's decision were based on the premise that the transcript contradicted the claim as the transcript shows trial counsel accurately stated the burden of proof. Because the district court dismissed this claim on the same grounds asserted in the State's motion, Ransom had adequate notice.[1]

Ransom has failed to show that the district court summarily dismissed the claims in his petition on grounds different from those raised in the State's motion to dismiss. The notice requirements were satisfied in this case because the district court dismissed the petition on essentially the same grounds presented in the State's motion.

## IV.

## CONCLUSION

The district court dismissed Ransom's petition on essentially the same grounds articulated by the State in its motion. Consequently, Ransom had proper notice of the grounds for dismissal

---

[1]     Although Ransom references the dismissal of his third claim in his opening brief, he does not present any clear argument on why he believes the district court dismissed his third claim on grounds other than those asserted in the State's motion. Assuming Ransom is asserting error in the dismissal of this claim based on lack of notice, for the reason stated, any such assertion fails.

6

of his post-conviction petition.  Therefore, the district court's final judgment dismissing Ransom's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.