**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 53233**

| | |
|---|---|
| WADE ALEXZANDER BEST, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) **Boise, February 2026 Term** |
| v. | ) |
| | ) **Opinion Filed: March 26, 2026** |
| STATE OF IDAHO, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Barbara A. Buchanan, District Judge.

The decision of the district court is <u>affirmed in part</u>, <u>reversed in part</u>, and <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Andrea W. Reynolds, argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kale D. Gans, argued.

———————————

BRODY, Justice.

Wade Alexzander Best appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Today we reiterate that, when a district court summarily dismisses a post-conviction petition sua sponte, especially when the dismissal is premised on grounds not argued by the State, Idaho Code section 19-4906(b) requires the district court to (1) apprise the applicant of "its reasons for so doing" and (2) afford the petitioner "an opportunity to reply within 20 days to the proposed dismissal." I.C. § 19-4906(b). We further reiterate that a lack-of-notice challenge to the summary dismissal of a post-conviction petition may be raised for the first time on appeal. For the reasons explained below, we affirm the district court's decision in part, reverse in part, and remand the matter for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, Best entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), (an "*Alford* plea"), to one count of lewd and lascivious conduct with a minor child. The district

1

court sentenced Best to a term of twenty years in prison with ten years fixed. Best subsequently appealed on the sole ground that his sentence was excessive. The Idaho Court of Appeals affirmed his judgment of conviction and sentence in an unpublished opinion. *State v. Best*, No. 47515, 2020 WL 4015083, at *1 (Idaho Ct. App. July 16, 2020) (unpublished) (per curiam).

Best subsequently filed a pro se petition for post-conviction relief and a supporting affidavit. In his petition, Best asserted five claims of error pertaining to the trial-level proceedings: (1) violation of his Fifth Amendment right against self-incrimination/entrapment because he was not provided *Miranda* warnings prior to making statements during a recorded phone call between himself and the mother of the victim; (2) imposition of excessive bail; (3) violation of a pre-existing, binding plea agreement from a prior Kootenai County case; (4) insufficient evidence to charge or prosecute him for the crime; and (5) falsification of information in the probable cause affidavit (collectively referred to as "trial-error claims"). In addition, Best asserted an ineffective assistance of counsel claim based on four distinct allegations involving his trial counsel's performance. Specifically, Best alleged his trial counsel was ineffective for: (1) failing to explain the terms of the *Alford* plea and coercing him into signing the plea agreement; (2) failing to seek suppression of the recorded phone call between Best and the mother of the victim; (3) negotiating a plea agreement that violated a previous plea agreement in a separate Kootenai County case; and (4) failing to devote sufficient time to discuss the case with Best, investigate the charges, and prepare a defense.

The district court appointed post-conviction counsel to Best and granted counsel leave to file an amended petition. Best's counsel did not file an amended petition but instead filed a certification, stating he had "spoken with Mr. Best on a couple occasions" and they both agreed "the Petition – albeit in layman terms – sets forth [Best's] claimed issues adequately," and "no new or modified petition will be filed . . . ." Thereafter, the State moved for summary disposition of Best's petition for post-conviction relief.

As part of its motion, the State also requested an order deeming the attorney-client privilege between Best and his trial counsel waived and sought additional time to file affidavits and a memorandum in support of its motion. About five months later—after the district court issued an order deeming the attorney-client privilege waived—the State filed a memorandum in support of its motion for summary disposition. The memorandum set forth the applicable legal standards governing post-conviction relief, followed by the legal requirements for a claim of ineffective

assistance of counsel. The State then addressed several of Best's allegations pertaining to his trial counsel's performance. As with the State's motion for summary dismissal, the memorandum contained no mention of Best's trial-error claims.

Best did not file a response to the State's motion for summary disposition but did file a stipulation to submit the State's motion for decision based on the affidavits and verified pleadings. At the hearing on the motion, the district court expressed confusion regarding the intent of the stipulation:

> [District court]: . . . So I am baffled by the stipulation. . . . I don't know what that means. You never responded to the motion for summary disposition.
>
> [Best's post-conviction counsel]: Mr. Best's affidavit was lodged some time back and he had a verified petition.
>
> [District court]: Right. Right.
>
> [Best's post-conviction counsel]: And the State filed its motion.
>
> . . . .
>
> And we were just going to submit it for decision without argument just based on those documents.
>
> [District court]: So no response to the request for summary dismissal?
>
> [Best's post-conviction counsel]: Well, it was opposed, but there was not a written response, no.
>
> His affidavit disagrees with the various facts.

Best's post-conviction counsel mentioned that there was an additional affidavit filed, and the district court responded that it had not received it. The district court then allowed Best time to file the additional affidavit before it issued its decision on the motion for summary disposition.

Best's post-conviction counsel then filed Best's additional affidavit, which stated Best stood by the allegations made in his petition and provided more detail regarding his ineffective assistance of trial counsel claim. Best's post-conviction counsel later filed three exhibits attached to Best's affidavit, including: (1) a letter sent by Best's trial counsel to Best approximately two-months after the Idaho Court of Appeals had rendered its opinion on his direct appeal, marked with handwritten notes and comments from Best; (2) a portion of the case summary for the underlying criminal case, also marked with Best's handwritten notations and comments, including a comment that a letter to the judge from Best concerned the "coerced plea"; and (3) a notice from a deputy clerk of the court in Best's underlying criminal case advising against *ex parte* communication with the judge.

Following its review of all submitted materials, the district court issued its decision granting the State's motion for summary disposition and entered judgment dismissing Best's petition for post-conviction relief. The district court stated that it took judicial notice of Best's underlying criminal case that gave rise to the petition for post-conviction relief, pursuant to Rule 201 of the Idaho Rules of Evidence. The district court explained that "only [Best's] claim of ineffective assistance of counsel is appropriate for post-conviction relief" because Best's other claims "could have been raised on direct appeal"; thus, they could not be considered in a petition for post-conviction relief pursuant to Idaho Code section 19-4901(b). The district court then concluded that Best's ineffective assistance of counsel claim was "clearly disproven by the record in the criminal action or are unsupported by admissible evidence[,]" and Best was therefore not entitled to relief as a matter of law. Best timely appealed.

The Idaho Court of Appeals affirmed the district court's decision. Best subsequently filed a petition for review with this Court, arguing, among other things, that the Court of Appeals' decision erroneously held that Best failed to preserve his lack-of-notice challenge because he did not file a motion for reconsideration. We granted review.

## II. STANDARDS OF REVIEW

"When addressing a petition for review, this Court will give 'serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court.'" *Rodriquez v. State*, 171 Idaho 634, 641, 524 P.3d 913, 920 (2023) (quoting *Marr v. State*, 163 Idaho 33, 36, 408 P.3d 31, 34 (2017)). "Post-conviction proceedings are civil in nature and therefore the applicant must prove the allegations by a preponderance of the evidence." *Dunlap v. State* (*Dunlap III*), 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (citing *McKinney v. State*, 133 Idaho 695, 699–700, 992 P.2d 144, 148–49 (1999)). "This Court freely reviews the summary dismissal of a petition for post-conviction relief." *Bell v. State*, ___ Idaho ___, ___, 572 P.3d 209, 214 (2025) (citing *Dunlap v. State* (*Dunlap VI*), 159 Idaho 280, 294–95, 360 P.3d 289, 303–04 (2015)). "'In determining whether a motion for summary disposition is properly granted,' this Court applies the same standard as the trial court and 'must review the facts in a light most favorable to the petitioner, and determine whether they would entitle petitioner to relief if accepted as true.'" *Id.* (quoting *Dunlap VI*, 159 Idaho at 295, 360 P.3d at 304). "When a genuine issue of material fact is shown to exist, an evidentiary hearing must be conducted." *Id.* (quoting *Dunlap VI*, 159 Idaho at 295, 360 P.3d at 304). However, "the Court is not required to accept either the applicant's mere

4

conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Id.* (alteration omitted) (quoting *Dunlap VI*, 159 Idaho at 295, 360 P.3d at 304).

## III. ANALYSIS

**A.** **The district court erred by summarily dismissing Best's trial-error claims without providing the requisite twenty-days' notice of its reasons for dismissal pursuant to Idaho Code section 19-4906(b).**

The district court summarily dismissed Best's trial-error claims after concluding that they could have been brought in his direct appeal and were therefore forfeited under Idaho Code section 19-4901(b). Best contends the district court erred by dismissing his trial-error claims on grounds not raised by the State without providing the twenty-day notice required under Idaho Code section 19-4906(b). He maintains that the State did not address his trial-error claims in its motion for summary disposition or supporting memorandum but only argued for the dismissal of some of his ineffective assistance of counsel claims. Best's claim of error is well taken.

Under section 19-4906(b) of the Idaho Code, a district court is authorized to dismiss a petition for post-conviction relief "if the court is satisfied—after reviewing the record and all submitted materials pertaining to the petition—that the petitioner is not entitled to relief." *Bell v. State*, ___ Idaho ___, ___, 572 P.3d 209, 214–15 (2025). A court may dismiss a petition based on the State's motion for summary dismissal, or it may do so of its own accord after giving the petitioner twenty days to respond to the district court's proposed dismissal:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

I.C. § 19-4906(b).

We recently explained that the twenty-day notice requirement provides a petitioner the same opportunity to establish a genuine issue of material fact or address other legal inadequacies as the petitioner would have had when responding to a motion for summary disposition filed by the State:

> The purpose of the twenty-day notice requirement is to provide the petitioner the opportunity to establish a genuine dispute of material fact or address other legal

5

inadequacies identified in the court's notice. *McKinney v. State*, 162 Idaho 286, 293, 396 P.3d 1168, 1175 (2017). "[T]he reason subsection (b) requires the twenty-day notice, but not subsection (c), is because the subsection (c) motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995) (citing *State v. Christensen*, 102 Idaho 487, 488, 632 P.2d 676, 677 (1981)). After the State has filed a motion for summary dismissal pursuant to subsection (b), the petitioner is allowed twenty days to respond, which provides the opportunity to establish an issue of material fact. *Id. Where a trial court dismisses a claim for post-conviction relief on an independent ground that was not argued by the State, the petitioner must be provided with a twenty-day notice period and an opportunity to respond. Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). "Where the dismissal is based upon the grounds offered by the State, additional notice is unnecessary." *Id.*

*Bell*, ___ Idaho at ___, 572 P.3d at 215 (alteration in original) (emphasis added). Accordingly, a petition for post-conviction relief may be summarily dismissed by a court acting sua sponte only when the petitioner has been provided with (1) the reasons for dismissal of his claims; *and* (2) a twenty-day period to respond to those reasons for dismissal. *See* I.C. § 19-4906(b); *Ferrier v. State*, 135 Idaho 797, 799, 25 P.3d 110, 112 (2001).

Here, there is no dispute that the State did not mention or reference section 19-4901(b) or the trial-error claims at all in its motion for summary disposition or supporting memorandum. Nonetheless, the State contends that its general ground for dismissal—that Best's petition failed to raise a genuine issue of material fact and he was not entitled to relief as a matter of law—was *part* of the reason for the district court's dismissal of the trial-error claims; thus, it was "sufficient to meet the notice requirements" under Idaho Code section 19-4906(b). (Quoting *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010)). We disagree.

The relevant portion of the State's motion for summary disposition consisted of two sentences:

> COMES NOW State of Idaho, by and through Louis E. Marshall, Bonner County Prosecuting Attorney, and does hereby move for summary disposition of Wade Alexzander Best's Petition for Post-Conviction Relief and Affidavit of Facts pursuant to Idaho Code [section] 19-4906(c) on the general basis that in light of the pleadings, answers, admissions and the record of the underlying case, the Petition fails to raise a genuine issue of material fact.

> Wade Alexzander Best's ineffective assistance of counsel claims fail to raise a genuine issue of material fact regarding both deficient performance of trial counsel and resulting prejudice.

Contrary to the State's position, there was no general reference in the motion to the dismissal of all claims if they fail as a matter of law, much less any mention of the trial-error claims. Likewise,

6

the State's supporting memorandum provided only the applicable legal standards governing post-conviction petitions generally, then provided an analysis of Best's claim titled "Ineffective Assistance of Counsel." Importantly, the "Applicable Legal Standards" section of the memorandum did not state that post-conviction claims should be dismissed if they fail as a matter of law. Rather, it referenced the importance of supporting factual allegations with admissible evidence and the district court's authority to take judicial notice of the record in the underlying criminal case.

This Court addressed the legal standards governing a motion for summary disposition in *DeRuché v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009). There, this Court explained that post-conviction proceedings are governed by the Idaho Rules of Civil Procedure, including Rule 7(b)(1)(B)'s requirement that a motion state with particularity the grounds for the relief sought including the number of the applicable civil rule, if any. *Id.* at 601–02, 200 P.3d at 1150–51; I.R.C.P. 7(b)(1)(B). Rule 7(b)(1)(B) only requires "reasonable particularity." *DeRuché*, 146 Idaho at 601, 200 P.3d at 1150. The purpose of the reasonable particularity requirement is to ensure a petitioner has notice of the grounds for dismissal such that he "cannot assert surprise or prejudice[.]" *Id.* This Court then provided an explanation of how the "reasonable particularity" requirement can be met and gave examples how the requirement is to be applied in particular types of cases:

> If the ground for summary disposition is that assertions by the applicant are not admissible evidence, stating the ground with reasonable particularity requires no more than the level of particularity required to object to the admissibility of that evidence, such as that it is conclusory, hearsay, or lacking foundation. It is rarely necessary to further explain those objections. If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out. For example, claims of ineffective assistance of defense counsel or of prosecutorial misconduct in withholding evidence favorable to the accused both require prejudice to the defendant. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008) (a claim for ineffective assistance of counsel requires a showing "there is a reasonable probability that, but for counsel's errors, the result would have been different"); [*Dunlap III*], 141 Idaho 50, 64, 106 P.3d 376, 390 (2004) (an essential element of a *Brady* violation is that "prejudice must have ensued"). Reasonable particularity only requires pointing out that there is a lack of evidence showing prejudice. It does not require explaining what further evidence is necessary, particularly since it may not exist.

*Id.* at 601–02, 200 P.3d at 1150–51.

In each of the examples, it is clear that the petitioner could not assert surprise or prejudice regarding the dismissal of his claims because the petitioner would have known that the State sought to dismiss a specific claim (e.g., ineffective assistance of counsel or prosecutorial misconduct) and would have further known the ground for the dismissal (e.g., petitioner failed to allege facts demonstrating prejudice, a necessary element for both ineffective assistance of counsel and prosecutorial misconduct). And even where the State's ground for dismissal of the entire petition was due to a lack of admissible evidence, the petitioner would still be on notice of his petition's general deficiencies and have an opportunity to respond by amending his petition to include supporting affidavits or other admissible evidence.

In this case, the State did not address Best's trial-error claims in its motion or supporting memorandum, much less warn Best that they could be dismissed under Idaho Code section 19-4901(b) on the ground that he could have raised those same claims on direct appeal. Nonetheless, relying on *Workman v. State*, 144 Idaho 518, 164 P.3d 798 (2007), the State argues the district court's dismissal of Best's trial-error claims did not amount to a sua sponte dismissal because its grounds for doing so "were not so different" from the grounds argued by the State in support of the State's motion for summary disposition. The State's reliance on *Workman* is misplaced.

*Workman* concerned a pro-se petition for post-conviction relief in which the petitioner alleged two claims: (1) "that his guilty plea was invalid because he was under the influence of antipsychotic medication when he entered the plea[,]" and (2) ineffective assistance of counsel. 144 Idaho at 522, 164 P.3d at 802. The State filed a motion to dismiss which the district court subsequently granted. *Id.* Relevant here, the petitioner argued on appeal that the district court erred by not providing him twenty days' notice of summary dismissal "because the court relied on grounds not raised or argued by the State." *Id.* at 524, 164 P.3d at 804. This Court rejected that argument, noting that the district court had provided multiple reasons for dismissal, some of which were the same as those argued by the State:

> Both the State argued and the district court concluded that Workman had failed to present evidence to support his claims that his guilty plea was involuntary or otherwise invalid, *and both the State and the district court observed that many of Workman's claims regarding his guilty plea either were or should have been raised on direct appeal.* The State argued, and the district court found, that Workman failed to allege facts showing that he met the test for ineffective assistance of counsel under [*Strickland v. Washington*, 466 U.S. 668 (1984)]. There is significant overlap between the reasoning in the district court's decision and the State's motion to dismiss. The district court's reasoning for dismissal of Workman's petition is not

> so different in kind as to transform its decision into a *sua sponte* dismissal and, therefore, the district court was not required to give [twenty] days' notice of its intent to dismiss.

*Id.* (emphasis added). It is clear from this discussion that the State *did* address all the petitioner's claims for post-conviction relief. This is a critical distinction from the facts here, where even the State acknowledged that it did *not* address Best's trial-error claims in its motion for summary disposition or supporting memorandum.

The State also argues that Best "forfeited" his right to an opportunity to be heard on the district court's grounds for dismissal of his trial-error claims by stipulating to a decision on the State's motion for summary disposition without filing a response. In support of this contention, the State references the hearing transcript in which the district court stated it was "baffled by the stipulation" because Best "never responded to the motion for summary disposition." The State argues that Best's failure to respond to its motion was "tantamount to Best forfeiting *any* response below to the sought-after dismissal of his claims." *Id.* The State cites to *Puckett v. United States*, in which the Supreme Court re-iterated that "[n]o procedural principle is more familiar to this Court than that a . . . right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." 556 U.S. 129, 134 (2009) (alteration in original) (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944)). The State's argument is unavailing. While Best may have waived his opportunity to respond to the arguments the State raised in its motion and briefing, Best did not forfeit a right to respond to the district court's dismissal of claims *on its own initiative* on grounds *not* argued by the State.

As a final argument, the State suggests that the district court's ground for dismissal is not subject to the twenty-day notice requirement under Idaho Code section 19-4906(b). The State contends that the notice requirements under Idaho Code section 19-4906(b) apply only where there is a dismissal of post-conviction claims based on the merits and not where the claims are forfeited under section 19-4901 because the petitioner has failed to demonstrate in the petition itself that those claims "could not have been raised sooner." The plain language of Idaho Code section 19-4901 does not support the State's contention.

While section 19-4901(b) prohibits a district court from considering claims in a petition for post-conviction relief that could have been raised on direct appeal, it *also* provides the petitioner an opportunity to explain why such claims could not have been raised earlier:

9

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, *unless it appears to the court*, on the basis of a substantial factual showing by affidavit, deposition *or otherwise*, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

I.C. § 19-4901(b) (emphasis added). Importantly, nothing in the plain language of this section requires a petitioner to explain why the claims were not asserted on direct appeal in the petitioner's original filing. The statute provides a non-exhaustive list of how the petitioner may make this showing to the district court by including the phrase "or otherwise," alongside a showing by affidavit or deposition. It does not contain any temporal or procedural limitations on when or how this showing must occur, and there is no language excepting the dismissal of claims under this section from the notice requirements under section 19-4906(b). Accordingly, we reject the State's argument that the notice requirements under section 19-4906(b) do not apply to the dismissal of claims under section 19-4901(b).

On a final note, while this Court does not typically review a Court of Appeals' decision directly, we want to make clear that this Court's decision in *Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010), where we held that a lack-of-notice challenge may be raised for the first time on appeal, remains good law. The Court of Appeals' decision in this case appeared to disavow *Kelly*, and instead held that a claim that the petitioner did not have twenty days' notice of the district court's reasons for dismissal of his post-conviction relief claims must be raised before the district court in a motion to reconsider under Idaho Rule of Civil Procedure 11.2(b) or through a Rule 60(b)(1) motion to grant relief from judgment based on mistake, inadvertence, surprise, or excusable neglect, before being raised on appeal. *Best v. State*, No. 49974, 2024 WL 2131662, at *6–9 (Idaho Ct. App. May 13, 2024) (unpublished). We disagree.

The Court of Appeals recognized that Idaho's appellate courts will not consider unpreserved claims of error for the first time on appeal. *Id.*, 2024 WL 2131662, at *3–4. However, as we recently explained, this Court's preservation doctrine is not entirely inflexible. *State v. Robertson*, ___ Idaho ___, ___, 579 P.3d 942, 953 (2025). Instead, it balances policies of encouraging trial courts to resolve claims of error, incentivizing trial court vigilance in enforcing the rules of criminal procedure and discouraging "sandbagging" by lawyers, against the more practical consideration of whether a preservation requirement is feasible and capable of advancing these policies. *Id.* In other words, we will not impose preservation requirements on petitioners

when satisfying them would be impossible or would not advance these policies. *Id.* (declining to impose preservation requirement on criminal defendant challenging validity of waiver of probation revocation hearing because doing so "would serve no purpose").

The Court of Appeals appears to find value in a preservation requirement that would compel post-conviction petitioners to either move the district court to reconsider or move to vacate the judgment when the petitioner lacks notice of the grounds for summary dismissal. *See Best*, 2024 WL 2131662, at *3–9. However, there is no such requirement in the Idaho Rules of Civil Procedure. Moreover, a preservation requirement in this context makes little sense given that the gravamen of a lack-of-notice claim is that the petitioner was unaware of the grounds for dismissal. It would essentially require the petitioner, as Best puts it, "to file a motion to reconsider an order he had no way of anticipating to preserve a challenge to the order on appeal." In this context, a preservation requirement would fail to advance the policies typically associated with them and would prove impractical for post-conviction petitioners.

Accordingly, we reiterate that a petitioner may assert for the first time on appeal that post-conviction claims were dismissed without any notice in contravention of section 19-4906(b). A petitioner need not move the district court to reconsider under Rule 11.2(b) or to vacate a final judgment under Rule 60(b)(1), but if the petitioner does so move, the petitioner must raise the lack-of-notice claim in order to preserve the issue for appeal. *See Bell v. State*, ___ Idaho ___, ___, 572 P.3d 209, 216 (2025). Best was entitled to raise his lack-of-notice claim for the first time on appeal because he did not move the district court to reconsider or seek relief from the final judgment.

In sum, the district court dismissed Best's trial-error claims on a ground not argued by the State and without providing twenty days' notice under Idaho Code section 19-4906(b). To afford Best the twenty-day response period mandated by Idaho Uniform Post-Conviction Procedure Act, we reverse the district court's summary dismissal of Best's trial-error claims and remand for the district court to provide him with such time.

**B.    The district court did not err in dismissing Best's ineffective assistance of counsel claim without first providing twenty days' notice under Idaho Code section 19-4906(b).**

Best also argues that the district court erred by dismissing sua sponte his ineffective assistance of counsel claim without proper notice. He contends that the State's motion for summary disposition did not address all factual allegations supporting that claim, particularly those

11

concerning trial counsel's inadequate preparation and lack of defense strategy. According to Best, the State failed to respond to allegations that trial counsel:

- failed to interview the alleged victim and her family;

- failed to present any evidence regarding Mr. Best's relationship with the alleged victim;

- did not make certain arguments in mitigation at sentencing;

- withheld playing the recording of the confrontation call to Best; and

- did not submit forms under Idaho Rules of Evidence 608 or 404(b), which allowed his character to be used as evidence against him.

Best reasons that, because the State's motion addressed some, but not all, of the factual allegations supporting his ineffective-assistance claim, the district court dismissed his ineffective assistance of counsel claim on different grounds than those raised by the State in its motion, requiring the court to provide notice of its reasons for the dismissal and twenty days for Best's reply as required by Idaho Code section 19-4906(b).

In response, the State argues that the district court dismissed the ineffective assistance claim on the same grounds as those argued in its motion, namely that Best "fail[ed] to raise a genuine issue of material fact" to support that claim. As we explain, regardless of which factual bases are taken as the focal point of Best's claim of ineffective assistance of counsel, the State's motion was sufficient to put Best on notice that the district court could dismiss his claim on evidentiary grounds absent additional evidence. Thus, when the district court summarily dismissed Best's ineffective assistance of counsel claim on grounds that his factual allegations were "clearly disproven by the record in the criminal action" and "unsupported by admissible evidence," Best had no basis to claim surprise or prejudice.

As discussed, when a district court summarily dismisses a petition for post-conviction relief on grounds not advanced by the State in a motion, the district court acts on its own initiative and must follow the procedures for sua sponte dismissal outlined in Idaho Code section 19-4906(b). *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995) (citing *Gibbs v. State*, 103 Idaho 758, 653 P.2d 813 (Ct. App. 1982)). Specifically, the district court is required to notify the applicant of its reasons for dismissing sua sponte and give the applicant twenty days to dispute those reasons in reply. I.C. § 19-4906(b).

Here, the district court summarily dismissed Best's ineffective assistance of counsel claim on the same grounds advanced by the State in its motion. In its motion, the State contended that

Best's "ineffective assistance of counsel claims fail to raise a genuine issue of material fact regarding both deficient performance of trial counsel and resulting prejudice." Rather than contesting the State's assertion, Best stipulated to the district court making a decision on the State's motion without submitting a response brief and without oral argument. And unlike the trial-error claims—which were nowhere mentioned in the State's motion—it should have been clear to Best from the face of the motion and supporting memorandum that his ineffective assistance of counsel claim risked dismissal absent any additional evidentiary effort to counter the State's motion for summary dismissal.

Nonetheless, Best asserts error in the district court's dismissal because, in his view, the State's motion "addressed only three of [his] ineffective assistance of counsel claims" yet the district court dismissed "all" of them. We reject the premise of this argument, which appears to conflate a claim with the factual allegations supporting it. In reality, Best advanced a single claim of ineffective assistance of counsel as grounds to invalidate the judgment of conviction. To support that claim, he marshaled a number of factual allegations relating to his trial counsel's performance. Best reasons that because the State's motion did not address each of those supporting allegations, the district court's dismissal was effectively sua sponte and, therefore, should have been preceded by section 19-4906(b)'s reason-giving and twenty-day response period. This argument distorts our caselaw. We have never held that a district court's dismissal of a post-conviction claim constitutes a sua sponte dismissal when the State fails to address every factual allegation supporting the claim. Our cases instead reflect a more general concern that the "grounds" or "reasons" for dismissal are not "so different in kind" from the arguments advanced in the State's motion. *Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007); *see Saykhamchone*, 127 Idaho at 322, 900 P.2d at 798.

Even viewed as a sufficiency-of-notice challenge, Idaho Rule of Civil Procedure 7(b)(1) requires only "reasonable particularity" sufficient to ensure the applicant "cannot assert surprise or prejudice." *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009). It does not require the State to exhaustively address each factual allegation offered in support of a post-conviction claim to provide an applicant with sufficient notice. *See id.* ("If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out."). So long as the district court's reasons for granting

the State's motion for summary dismissal are the same as those advanced with reasonable particularity in the State's motion, no viable lack-of-notice or sufficiency-of-notice claim arises.

The State urged summary dismissal of Best's petition by arguing that he "fail[ed] to raise a genuine issue of material fact" on the essential elements of an ineffective assistance of counsel claim. In ruling on the State's motion, the district court concluded that Best's assertions were "clearly disproven by the record in the criminal action" and that his claim was broadly "unsupported by admissible evidence." To be sure, the district court conducted a more thorough analysis of the evidentiary deficiencies in Best's petition, but that does not mean the "grounds" or "reasons" for granting summary dismissal were inconsistent with the State's position. Requiring the State to explain why each factual allegation lacked evidentiary support would go well beyond what was necessary to provide that notice. When the State filed its motion, Best was on notice that he needed to shore up at least one of his factual allegations with additional evidence to demonstrate deficient performance and prejudice. At a minimum, Best could have argued that the evidence he submitted raised a genuine issue of material fact. Instead, he did neither.

Accordingly, we hold that the State's failure to address every factual allegation advanced in support of a particular post-conviction claim does not necessarily render the district court's ruling a sua sponte dismissal when the court ultimately grants the State's motion for summary dismissal on that claim. To avoid acting on its own initiative, the district court need only apply the State's reasoning for dismissal; its decision to discuss that reasoning more thoroughly than the State did does not create a risk of unfair surprise or prejudice to the applicant. We therefore affirm the district court's summary dismissal of Best's ineffective assistance of counsel claim.

## IV.   CONCLUSION

Based on the foregoing reasons and authorities, we reverse the district court's summary dismissal of Best's trial-error claims and remand with instructions to provide Best the twenty-day response period required by Idaho Code section 19-4906(b). We affirm the summary dismissal of Best's ineffective assistance of counsel claim.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.